UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, ) | 1:09-CV-01944 OWW GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| ) | |
| NEIL H. ADLER, Warden, ) | |
| ) | |
| Respondents. ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner is in the custody of the Bureau of Prisons at the Taft Correctional Institution located in Taft, California, for convictions sustained in the United States District Court for the Eastern District of Pennsylvania. On November 5, 2009, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,

643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner was found guilty on two counts, and he was sentenced to "96 months on counts one and two of the superseding indictment concurrently." See Petition, Exhibit A. Petitioner claims the sentence he received is illegal because it is not plain, unequivocal, articulate or identifiable. He asserts that the maximum sentence on count one is 60 months and the maximum on count two is 36 months.  He claims the sentence he was given of 96 months is incorrect and should actually reflect a maximum of 60 months. Because he alleges error in his sentence, and not in the administration of his sentence, the Court finds that Petitioner is not entitled to relief under § 2241, and his petition should be dismissed.  Should the Petitioner wish to pursue his claims, he must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.[1]  The petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.  In this case, Petitioner challenges his sentence sustained in the U.S. District Court for the Eastern District of Pennsylvania.

1  28 U.S.C. § 2241.

2  These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 17, 2009                    /s/ Gary S. Austin
                                                             UNITED STATES MAGISTRATE JUDGE